UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAROLINA SAUCEDO,

Plaintiff,

v.

BEATS ELECTRONICS, LLC, et al.,

Defendants.

Case No.  26-cv-01363-RFL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 21

Carolina Saucedo alleges that Defendants Beats Electronics, LLC and Apple, Inc. falsely and misleadingly advertise their headphones as being seamlessly compatible with Android devices even though one feature, Personalized Spatial Audio, cannot be used with those devices. She asserts five claims: (1) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (2) violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (3); fraud, deceit, or misrepresentation; (4) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and (5) unjust enrichment.  Defendants now move to dismiss.  For the reasons stated below, their motion is **GRANTED IN PART** and **DENIED IN PART**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

***Reasonable Consumer Test.***  The parties agree that all of Saucedo's claims require showing, among other elements, that "members of the public are likely to be deceived."  *See Borowsky v. Tree Top, Inc.*, No. 25-CV-05533-RFL, 2026 WL 719695, at *1 (N.D. Cal. Mar. 16, 2026) (citations omitted).  At this stage, Saucedo need only plausibly allege that Defendants' labeling "could likely deceive a reasonable consumer."  *Id.* (quoting *Williams v. Gerber Prods.*

1

*Co.*, 552 F.3d 934, 939 (9th Cir. 2008)).

Saucedo alleges that she purchased the Beats Solo 4 Headphones on Amazon.  (Dkt. No. 1 ("Compl.") ¶ 52.)  The Amazon product page allegedly represented that, "Whether you're on iOS or Android, you can enjoy the same seamless compatibility."  (*Id.* ¶ 45.)[1]  Though that statement contained a footnote, the footnote did not distinguish between features, saying only: "Requires an iCloud account and a compatible Apple device running the latest operating system software or a compatible Android device running the latest operating system software with Google Play Services enabled."  (Dkt. No. 22-1 at 5.)[2]  The Amazon page also described "Personalized Spatial Audio with dynamic head tracking" as a feature of the headphones, including in the "About this item" section and in a separate graphic.  (*Id.* at 2, 4; Compl. ¶¶ 46, 51.)  This statement did not include any qualifier about its availability on Android within the graphic or nearby it.  The seamless compatibility and spatial audio graphics are reproduced below, although they sit diagonally in the page instead of side-by-side.  (Dkt. No. 22-1 at 4.)




---

[1] Since the Amazon product page "forms the basis" of Saucedo's claims, it is incorporated by reference.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted).  As a result, Defendants' exhibits are properly considered.

[2] All citations to page numbers in filings on the docket refer to ECF pagination.

A reasonable consumer could plausibly read these representations and be deceived into thinking Android users would be able to use the Personalized Spatial Audio feature.  Since the headphones are advertised as providing "the same seamless compatibility" on Android and iOS, it is plausible that a reasonable consumer would assume all material features work on both operating systems.  *See Air Dr., LLC v. Lonni, Inc.*, No. 23-CV-00353-AB, 2023 WL 9319060, at *3–4 (C.D. Cal. Aug. 21, 2023) (finding plausible false advertising Lanham Act claim where defendant allegedly advertised air filters as "replac[ing]" plaintiff's and being "compatible with" plaintiff's air purifiers even though they provided worse filtration performance and efficiency); *Silicon Image, Inc. v. Analogix Semiconductor*, 642 F. Supp. 2d 957, 969–70 (N.D. Cal. 2008) (finding material dispute of fact as to whether reasonable consumers would be misled by representations that semiconductor chips were "compatible" and "drop-in replaceable" even though they were not software compatible).  And Saucedo plausibly alleges that Personalized Spatial Audio is such a feature.  (*See* Compl. ¶¶ 2, 21–22.)

Even assuming Saucedo should have looked beyond these representations to the rest of the product page, it is still plausible that a reasonable consumer would be deceived.  First, though a separate graphic about "Apple and Android Compatibility" listed specific features that users could "[e]njoy," it is plausible that users would not understand that as an exclusive list of cross-platform features.  (*See* Dkt. No. 22-2 at 2.)  Similarly, even though one of the Frequently Asked Questions addresses the Personalized Spatial Audio feature, it does not disclose that the feature is unavailable on Android devices.  It states:

> **Do my headphones have Spatial Audio?**
>
> Beats Solo 4 has personalized Spatial Audio with dynamic head tracking and uses built-in gyroscopes and accelerometers to surround you with sound as you move, creating a truly immersive listening experience on Apple platforms.  You can customize your Spatial Audio in your iOS settings by going to Settings > Personalized Spatial Audio and following the on-screen instructions.

(Dkt. No. 22-1 at 6.)  Read in light of the representations that Android and iOS users could enjoy the "same seamless compatibility," a reasonable consumer could plausibly believe the feature

3

was still available on Android despite this answer only specifically addressing iOS devices.  The same is true of a disclaimer which states: "Compatible hardware and software required . . . . iPhone with TrueDepth camera required to create a personal profile for Spatial Audio, which will sync across Apple devices . . . ."  (Compl. ¶¶ 47–48.)  Moreover, as shown below, that disclaimer was almost entirely illegible on the Amazon product page, so it is plausible that a reasonable consumer would not see it at all.  (*See id.*; *Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 642 (N.D. Cal. 2019).)



Since Saucedo plausibly alleges an affirmative misrepresentation, and portions of a claim cannot be dismissed under Rule 12(b)(6), this Order need not reach whether she also plausibly alleges an actionable omission.  *See Covell v. Nine W. Holdings, Inc.*, No. 17-CV-01371-H, 2018 WL 558976, at *4 n.2 (S.D. Cal. Jan. 25, 2018); *Whitfield v. Levi Strauss & Co.*, No. 26-CV-01300-RFL, 2026 WL 1075998, at *2 (N.D. Cal. Apr. 21, 2026) (citation omitted).

***Fraud Claims.***  Two elements of fraud are intent to induce reliance and the plaintiff's actual reliance.  Saucedo adequately alleges both.  First, Saucedo alleges that "Defendants understand the importance of audio quality to consumers, and deliberately market the Headphones in a way that deceives consumers."  (Compl. ¶¶ 2–3, 21.)  Intent can be alleged generally, and that plausibly alleges intent.  *See LeGrand v. Abbott Lab'ys*, 655 F. Supp. 3d 871, 896 (N.D. Cal. 2023).  As for reliance, which must be pled with particularity under Rule 9(b), Saucedo alleges that she visited Amazon on November 29, 2024, read the compatibility and Personalized Spatial Audio representations, and purchased the headphones "[b]ased on the representations she saw."  (Compl. ¶¶ 50–52.)  That is sufficient.  *See Joyce v. Guthy-Renker, LLC.*, No. 25-CV-09998-RFL, 2026 WL 1164686, at *1 (N.D. Cal. Apr. 29, 2026).

***Unjust Enrichment.***  Other than the availability of equitable remedies, Defendants' sole argument for dismissal of Saucedo's unjust enrichment claim is that it must be dismissed if her

other claims are dismissed.  As her other claims survive dismissal, this claim does too.

***Availability of Equitable Remedies.***  Saucedo adequately alleges that her legal remedies are insufficient and she is entitled to seek equitable remedies.  She alleges that her own legal claims as well as the proposed class's legal claims require proof of "classwide reliance and materiality beyond the objective reasonable consumer standard" as well as "intent, reckless[ness], and/or negligence," while her equitable claims would not require that proof. (Compl. ¶¶ 82, 103.)  Defendants do not dispute those distinctions.  At the pleading stage, that is sufficient to allege that Saucedo's legal remedies are insufficient.  *See Cabot v. Lectric eBikes LLC*, No. 24-CV-06446-RFL, 2025 WL 2256328, at \*2 (N.D. Cal. Aug. 7, 2025) (citations omitted).

***Standing to Seek Injunctive Relief.***  Saucedo effectively concedes that her current complaint does not plausibly allege standing to seek injunctive relief.  (*See* Dkt. No. 28 at 19–20.)  However, she requests leave to amend to add allegations that she might repurchase Defendants' headphones because she might "reasonably, but incorrectly, assume the product was improved."  *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018).  It seems possible that Saucedo could plausibly allege that given the rapid pace at which technology develops.  Accordingly, amendment does not necessarily appear futile, so her request for injunctive relief is dismissed with leave to amend.

***Conclusion.***  Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.  Saucedo's request for injunctive relief is **DISMISSED WITH LEAVE TO AMEND**. Otherwise, her complaint survives dismissal.  If Saucedo wishes to file an amended complaint correcting the deficiencies identified above, she shall do so by **<u>August 21, 2026</u>**.  The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.  If no amended complaint is filed by that date, Saucedo's request for injunctive relief will remain dismissed without prejudice.  Defendants' deadline to respond to the amended complaint (if one is filed) or to the existing complaint (if no amended

complaint is filed) shall be **September 11, 2026**.

     **IT IS SO ORDERED.**

Dated: July 31, 2026

                                RITA F. LIN
                                United States District Judge