CHRISTOPHER CHORBA, SBN 216692
cchorba@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: 213.229.7000

WESLEY SZE, SBN 306715
wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Ave.
Palo Alto, CA 94301
Tel.: 650.849.5347

*Attorneys for Defendants*
*Beats Electronics, LLC and Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

CAROLINA SAUCEDO, on behalf of herself and those similarly situated,

Plaintiff,

v.

BEATS ELECTRONICS, LLC; and APPLE INC.,

Defendants.

Case No. 3:26-cv-01363-RFL

**DEFENDANTS' ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Judge: Hon. Rita F. Lin
Courtroom: 4, 17th Floor

Defendants Beats Electronics, LLC and Apple Inc. hereby answer Plaintiff's corrected First Amended Class Action Complaint, filed as Exhibit A to Plaintiff's Errata at Dkt. 34-1 ("FAC"), as follows. Except as otherwise expressly stated below, Defendants deny each and every allegation contained in the FAC. Defendants reserve the right to seek to amend and/or supplement their Answer as may be necessary.

With respect to the opening preface on page 1, lines 1 to 6, of the FAC, Defendants admit that Plaintiff filed this action against Defendants and that Plaintiff purports to bring this action on behalf of a putative class. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in the opening preface, and therefore deny those allegations.

## "INTRODUCTION"[1]

1. Defendants deny the allegations in Paragraph 1.

2. Defendants admit that the language "specific movies, shows, and music seem like they are coming from different directions within a soundscape. This gives the audio a sense of direction, allowing the surround sound functionality to react to your head movements to create an immersive experience" appears on the website linked in footnote 1 as of September 11, 2026. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore deny those allegations. Footnote 1 is a website URL and does not constitute a well-pled allegation of fact and therefore requires no response; to the extent a response is required, Defendants deny the allegations in Footnote 1.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

## "PARTIES"

6. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny those allegations.

[1] The headings and subheadings throughout the FAC are repeated here but do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is required, Defendants deny the allegations in the headings and subheadings.

7. Defendants admit that Beats Electronics, LLC is a limited liability company with its principal place of business in Culver City, California. Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit that Apple Inc. is a corporation existing under the laws of the State of California, having its principal place of business in Cupertino, California.

9. Defendants admit that Apple Inc. acquired Beats Electronics, LLC in 2014. Defendants deny the remaining allegations in Paragraph 9.

10. The allegations in Paragraph 10 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11. The allegations in Paragraph 11 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. The allegations in Paragraph 12 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13. The allegations in Paragraph 13 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14. The allegations in Paragraph 14 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

## **"JURISDICTION AND VENUE"**

15. The allegations in Paragraph 15 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants admit 28 U.S.C. § 1332 provides this Court with diversity jurisdiction.

16. The allegations in Paragraph 16 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16.

17. Defendants admit that they conduct business in California. Defendants deny that they engaged in any wrongful conduct or caused any injury, damage, or harm to Plaintiff or any putative class member, and deny the remaining allegations in Paragraph 17.

18. The allegations in Paragraph 18 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants admit that venue is proper in this District

and deny the remaining allegations in Paragraph 18.

19. The declaration referenced in Paragraph 19 speaks for itself. Defendants lack sufficient knowledge and information to form a belief as to the truth of Plaintiff's allegations concerning her purchase and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 19.

20. The allegations in Paragraph 20 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants admit that jurisdiction and venue are proper in this Court and deny the remaining allegations in Paragraph 20.

## "SUBSTANTIVE ALLEGATIONS"

### "A. Sound Quality and Compatibility are Both Critical to Purchasers of High-End Headphones."

21. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations concerning consumer considerations and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 21.

22. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations concerning consumer understandings and therefore deny the allegations in Paragraph 22. Footnote 2 is a citation to a third-party website that speaks for itself and does not constitute a well-pled allegation of fact requiring a response; to the extent a response is required, Defendants deny any allegations in Footnote 2.

### "B. Defendants Advertise the Headphones as Having "Seamless" Compatible with Android Devices."

#### "1. The Solo 4 Headphones"

23. Paragraph 23 purports to quote from and characterize a webpage and reproduce an image that speak for themselves. Defendants deny that the marketing is false or misleading and deny the remaining allegations in Paragraph 23. Footnote 3 is a website URL that speaks for itself and does not constitute a well-pled allegation of fact requiring a response; to the extent a response is required, Defendants deny any allegations in Footnote 3.

24. Paragraph 24 purports to quote from and characterize product packaging and reproduce an image that speak for themselves. Defendants deny that the quoted statements are false or misleading,

lack sufficient knowledge and information concerning the actions or understandings of hypothetical consumers, and deny the remaining allegations in Paragraph 24.

25. Paragraph 25 purports to characterize and reproduce an image from a webpage that speaks for itself. Defendants dispute Plaintiff's characterization of the webpage and deny the allegations in Paragraph 25.

26. Paragraph 26 purports to characterize and reproduce an image from a webpage that speaks for itself. Defendants deny that the marketing is false or misleading, deny that they omitted material information, and deny the remaining allegations in Paragraph 26.

27. Paragraph 27 purports to quote from, characterize, and reproduce an image from a webpage and its footnotes, all of which speak for themselves. Defendants deny that the cited language was buried, illegible, misleading, or a disclaimer of any false statement, and deny the remaining allegations in Paragraph 27.

28. Defendants lack sufficient knowledge and information concerning the actions or understandings of hypothetical consumers, deny that the disclaimers are "buried" or "illegibl[e]", and deny the remaining allegations in Paragraph 28.

29. Defendants lack sufficient knowledge and information concerning the actions or understandings of hypothetical consumers and therefore deny the allegations in Paragraph 29.

30. Defendants lack sufficient knowledge and information concerning the actions or understandings of hypothetical consumers and therefore deny the allegations in Paragraph 30.

**"2. The Beats Studio Pro Headphones"**

31. Paragraph 31 purports to characterize marketing materials that speak for themselves. Defendants deny that their marketing is false or misleading and deny the remaining allegations in Paragraph 31.

32. Paragraph 32 purports to characterize and reproduce an image from a webpage that speaks for itself. Defendants deny that the marketing is false or misleading and deny the remaining allegations in Paragraph 32.

33. Paragraph 33 purports to characterize and reproduce an image from a webpage and its footnotes, all of which speak for themselves. Defendants deny that the footnotes were hidden, illegible,

or misleading, and deny the remaining allegations in Paragraph 33.

34. Paragraph 34 purports to quote from and characterize a webpage and its footnotes, all of which speak for themselves. Defendants dispute Plaintiff's characterizations and deny the remaining allegations in Paragraph 34.

35. Defendants lack sufficient knowledge and information concerning the actions or understandings of hypothetical consumers and therefore deny the allegations in Paragraph 35.

36. Paragraph 36 purports to quote from and characterize a webpage footnote that speaks for itself. Defendants deny that the cited language is false or misleading and deny the remaining allegations in Paragraph 36.

**"3. The Powerbeats Fit Earbuds"**

37. Paragraph 37 purports to quote from, characterize, and reproduce images from a webpage that speaks for itself. Defendants deny that their marketing is false, misleading, or deceptive and deny the remaining allegations in Paragraph 37.

38. Paragraph 38 purports to quote from and characterize a webpage and its footnotes, all of which speak for themselves. Defendants deny that the footnotes were hidden, deficient, or misleading, and deny the remaining allegations in Paragraph 38.

39. Paragraph 39 purports to quote from, characterize, and reproduce an image from a webpage that speaks for itself. Defendants deny Plaintiff's characterization and deny the remaining allegations in Paragraph 39. Footnote 4 purports to characterize and quote another webpage footnote that speaks for itself and does not constitute a well-pled allegation of fact requiring a response; to the extent a response is required, Defendants deny Plaintiff's characterization and any allegations in Footnote 4.

40. Paragraph 40 purports to quote from, characterize, and reproduce images from webpages that speak for themselves. Defendants dispute Plaintiff's characterization of those materials and deny the remaining allegations in Paragraph 40.

41. Paragraph 41 purports to quote from and characterize webpages that speak for themselves. Defendants dispute Plaintiff's characterization of those materials and deny the remaining allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Paragraph 43 purports to characterize and reproduce an image from a webpage and its footnotes, all of which speak for themselves. Defendants deny that the materials were buried, obscured, inaccurate, or misleading, and deny the remaining allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

**"C. Third-Party Retailers"**

45. Defendants admit that Beats headphones are sold through third-party retailers, including Amazon. The webpages, titles, and screenshots referenced in Paragraph 45 speak for themselves. Defendants deny that any specifications or marketing materials were false or misleading, and deny the remaining allegations in Paragraph 45.

46. Paragraph 46 purports to characterize and reproduce images from Amazon product pages that speak for themselves. Defendants deny that the product pages are false or misleading, deny that material information was omitted, and deny the remaining allegations in Paragraph 46.

47. Paragraph 47 purports to characterize and reproduce an image from an Amazon product page that speaks for itself. Defendants deny that the cited language was buried, illegible, misleading, or otherwise inadequate and deny the remaining allegations in Paragraph 47.

48. Paragraph 48 purports to quote from an Amazon product page that speaks for itself. Defendants dispute Plaintiff's characterization of the quoted language and deny the remaining allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

**"D. Plaintiff's Experience"**

50. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny those allegations.

51. Defendants lack sufficient knowledge and information concerning Plaintiff's shopping process, what she read or viewed, or her budget, and therefore deny those allegations in Paragraph 51. To the extent Paragraph 51 characterizes an Amazon product page, that page speaks for itself. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants lack sufficient knowledge and information to form a belief as to the truth of

the allegations concerning Plaintiff's purchase through Amazon and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants lack sufficient knowledge and information concerning Plaintiff's use of the Headphones, her device, her realization, or her beliefs and therefore deny the allegations in Paragraph 53. Defendants deny the remaining allegations in Paragraph 53.

54. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny those allegations.

55. Defendants lack sufficient knowledge and information concerning Plaintiff's present or future desires, intentions, shopping habits, technical knowledge, or assumptions and therefore deny those allegations in Paragraph 55. The allegations concerning standing and entitlement to injunctive relief are conclusions of law for which no responsive pleading is required; to the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 55.

## **<u>"CLASS ALLEGATIONS"</u>**

56. Defendants admit that Plaintiff purports to bring this action under Rule 23 of the Federal Rules of Civil Procedure. Defendants deny that Plaintiff can establish any basis for class certification and deny the remaining allegations in Paragraph 56.

57. Defendants admit that Plaintiff purports to represent the putative class defined in Paragraph 57. Defendants deny that the proposed class can be certified, deny that Plaintiff has standing to assert claims based on products she did not purchase, and deny the remaining allegations in Paragraph 57.

58. The allegations in Paragraph 58 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that this action may properly be maintained as a class action, and deny the remaining allegations in Paragraph 58.

59. Defendants lack sufficient knowledge and information to form a belief about Plaintiff's knowledge or estimate of the size of the proposed class and therefore deny that allegation in Paragraph 59. To the extent a response is required, Defendants deny that joinder is impracticable, deny that class treatment would benefit the parties or the Court, and deny the remaining allegations in Paragraph 59.

60. The allegations in Paragraph 60 are conclusions of law and identify purported questions rather than well-pled allegations of fact and therefore require no response. To the extent a response is required, Defendants deny that common questions predominate over individualized questions, that Plaintiff can establish any basis for class certification and deny the remaining allegations in Paragraph 60.

61. The allegations in Paragraph 61 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that Plaintiff's claims are typical of the claims of any proposed class and deny the remaining allegations in Paragraph 61.

62. The allegations in Paragraph 62 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants lack sufficient knowledge and information concerning Plaintiff's counsel's resources or Plaintiff's awareness of any asserted fiduciary obligations and therefore deny those allegations. Defendants deny that Plaintiff is an adequate class representative, deny that her interests are aligned with those of the proposed class, and deny the remaining allegations in Paragraph 62.

63. The allegations in Paragraph 63 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that a class action is a superior method of adjudication or that individual proceedings would create inconsistent standards of conduct and deny the remaining allegations in Paragraph 63.

64. Defendants lack sufficient knowledge and information concerning Plaintiff's awareness and therefore deny that allegation. Defendants deny that this action is manageable as a class action and deny the remaining allegations in Paragraph 64.

## “CAUSES OF ACTION”

### “First Cause of Action
### (Violation of the Consumers Legal Remedies Act (the “CLRA”), California Civil Code § 1750, *et seq.*)
### (On Behalf of Plaintiff and the Class)”

65. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

66. The allegations in Paragraph 66 are conclusions of law for which no responsive pleading

is required. To the extent a response is required, Defendants deny that they violated or continue to violate the CLRA and deny the remaining allegations in Paragraph 66.

67. The allegations in Paragraph 67 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants lack sufficient knowledge and information concerning putative class members and deny the remaining allegations in Paragraph 67.

68. The allegations in Paragraph 68 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69. The allegations in Paragraph 69 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that they made any false or misleading representation, deny that they violated or continue to violate any provision of the CLRA, and deny the remaining allegations in Paragraph 69.

70. Paragraph 70 requests relief and contains conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that Plaintiff or any putative class member has suffered or will suffer harm as alleged, deny that Plaintiff is entitled to injunctive relief, and deny the remaining allegations in Paragraph 70.

71. Defendants admit that they received correspondence from Plaintiff's counsel dated March 11, 2025. Defendants deny that this correspondence constituted a valid "notice and demand" under the CLRA, that the allegations in the correspondence had merit, deny that any correction, repair, replacement, or other remedy was required, deny that Plaintiff or any putative class member is entitled to damages, restitution, or any other relief, and deny the remaining allegations in Paragraph 71.

72. Paragraph 72 requests relief and contains conclusions of law for which no responsive pleading is required. Defendants deny that Plaintiff is entitled to costs or attorneys' fees and deny the remaining allegations in Paragraph 72.

**<u>"Second Cause of Action</u>**
**False Advertising, Business and Professions Code § 17500, *et seq*. ("FAL")**
**(On Behalf of Plaintiff and the Class)"**

73. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. The allegations in Paragraph 78 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that they engaged in false advertising or any wrongful conduct and deny the remaining allegations in Paragraph 78.

79. The allegations in Paragraph 79 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that they received an unlawful competitive advantage, injured the general public, or obtained any financial gain through wrongful conduct and deny the remaining allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80 and deny that Plaintiff or any putative class member suffered injury in fact or lost money or property as a result of any conduct by Defendants.

81. Paragraph 81 requests relief and contains conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that Plaintiff or any putative class member is entitled to restitution, interest, or any other relief and deny the remaining allegations in Paragraph 81.

82. Paragraph 82 requests relief and contains conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that Plaintiff or any putative class member is entitled to declaratory relief and deny the remaining allegations in Paragraph 82.

83. Paragraph 83 requests relief and contains conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants dispute Plaintiff's characterization of the law, deny that Plaintiff lacks an adequate remedy at law, deny that Plaintiff or any putative class member is entitled to restitution, and deny the remaining allegations in Paragraph 83.

84. Paragraph 84 requests relief and contains conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that Plaintiff or any putative class member is entitled to declaratory relief and deny the remaining allegations in Paragraph 84.

85. Paragraph 85 requests relief and contains conclusions of law for which no responsive

pleading is required. To the extent a response is required, Defendants deny that they engaged or will engage in false, misleading, deceptive, or unlawful advertising, deny that Plaintiff or any putative class member is entitled to injunctive relief, and deny the remaining allegations in Paragraph 85.

**“Third Cause of Action**
**Common Law Fraud Deceit and/or Misrepresentation**
**(On Behalf of Plaintiff and the Class)”**

86. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88, including that Defendants made any misrepresentation or actionable omission, concealed any material fact, owed or breached any duty, or obtained any wrongful gain.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93, including that their conduct was willful or malicious or that they intended or caused any loss or harm.

**“Fourth Cause of Action**
**Unlawful, unfair, and fraudulent trade practices violation of Business and Professions Code § 17200, *et seq.***
**(On Behalf of Plaintiff and the Class)”**

94. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

95. The allegations in Paragraph 95 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that they engaged or continue to engage in any unlawful, unfair, or fraudulent trade practice and deny the remaining allegations in Paragraph 95.

96. The allegations in Paragraph 96 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that they violated or continue to violate the CLRA, the FAL, or any other law, and deny the remaining allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. The allegations in Paragraph 100 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that they engaged in deceptive or unlawful practices or violated the UCL and deny the remaining allegations in Paragraph 100.

101. The allegations in Paragraph 101 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that they obtained an unlawful competitive advantage, injured the general public, or received any financial gain through wrongful conduct and deny the remaining allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102 and deny that Plaintiff or any putative class member suffered injury in fact, lost money or property, paid any recoverable price premium, or incurred any other compensable loss as a result of conduct by Defendants.

103. Defendants deny the allegations in Paragraph 103 and deny that they obtained any financial gain through wrongful conduct.

104. Paragraph 104 requests relief and contains conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants dispute Plaintiff's characterization of the law, deny that Plaintiff lacks an adequate remedy at law, deny that Plaintiff or any putative class member is entitled to restitution or any other equitable relief, and deny the remaining allegations in Paragraph 104.

105. Paragraph 105 requests relief and contains conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that Plaintiff or any putative class member is entitled to declaratory relief and deny the remaining allegations in Paragraph 105.

106. Paragraph 106 requests relief and contains conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that they engaged or will engage in deceptive or unlawful trade practices, deny that Plaintiff or any putative class member is entitled to injunctive relief, and deny the remaining allegations in Paragraph 106.

**“Plaintiff’s Fifth Cause of Action**
**Unjust Enrichment.**
**(On Behalf of Plaintiff and the Class)”**

107. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

108. Defendants deny the allegations in Paragraph 108. Defendants specifically deny that Plaintiff’s purchase from Amazon conferred any benefit on Defendants that it would be unjust for Defendants to retain.

109. Defendants deny the allegations in Paragraph 109, including that Defendants were unjustly enriched, made any misrepresentation or actionable omission, retained any benefit inequitably, or caused Plaintiff or any putative class member to pay a recoverable price premium.

110. The allegations in Paragraph 110 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that Plaintiff or any putative class member lacks an adequate remedy at law or is entitled to restitution and deny the remaining allegations in Paragraph 110.

111. Paragraph 111 requests relief and contains conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendants deny that Plaintiff or any putative class member is entitled to restitution or any other relief and deny the remaining allegations in Paragraph 111.

## SEPARATE AND ADDITIONAL DEFENSES

By alleging the Separate and Additional Defenses set forth below, Defendants intend no alteration of any burden of proof or burden of going forward with evidence that otherwise exists with respect to any issue at law or in equity. These defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff or any putative class member is entitled to relief. Defendants specifically reserve the right to amend these defenses or add additional defenses based on

legal theories, facts, and circumstances that may be discovered and further legal analysis of Plaintiff's positions in this litigation.

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

(No Injury, Harm, or Damage)

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because Plaintiff and/or putative class members have not sustained any cognizable injury, harm, or damage.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

(Lack of Causation)

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, to the extent any alleged injury or damage was not caused by Defendants.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

(Truth of Representations)

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because the representations challenged in the FAC are true, accurate, and not false, deceptive, or misleading.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

(No Duty to Disclose)

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because any alleged omission did not concern a fact Defendants had a legal duty to disclose, including because the alleged fact was not exclusively known by Defendants and Defendants did not actively conceal it or make any misleading partial representation.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

(Defendants' Disclosures / No Omission or Concealment)

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because the relevant product characteristics, compatibility requirements, features, and limitations were disclosed in the marketing and product pages at issue, and Defendants did not conceal any material fact or make any misleading partial disclosure.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

(No Materiality)

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because none of the challenged statements or alleged omissions was material to their purchasing decisions.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

(No Reliance)

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because Plaintiff and/or putative class members did not actually or justifiably rely on any allegedly actionable statement or omission by Defendants.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

(Knowledge)

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, to the extent Plaintiff and/or the putative class members knew or reasonably should have known the relevant product characteristics, uses, compatibility requirements, features, and limitations before purchasing or retaining the products.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

(Lack of Intent)

Plaintiff's fraud-based claims and requests for enhanced relief are barred because Defendants did not act willfully, maliciously, fraudulently, oppressively, or with any intent to deceive or induce detrimental reliance.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

(Benefit of the Bargain)

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because Plaintiff and putative class members received the benefit of their bargains and value from the products they purchased.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

(Intervening and Superseding Acts)

Plaintiff's claims and the claims of the putative class are barred or reduced to the extent any alleged injury or damage was caused by independent, intervening, or superseding acts or omissions of third parties, including retailers, platforms, application developers, content providers, device manufacturers, or consumers themselves.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

(Comparative Fault / Contribution)

Should Defendants be found liable, which liability is expressly denied, any recovery must be reduced or eliminated to the extent other persons or entities caused or contributed to the alleged injury or damage, and Defendants are entitled to contribution or indemnity to the extent permitted by law.

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Lack of Privity)

To the extent any claim or remedy requires contractual privity, a direct transaction, or money paid directly to Defendants, Plaintiff's claims and the claims of the putative class are barred because those requirements are not satisfied.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Failure to Satisfy Statutory Prerequisites)

Plaintiff's claims and requests for relief are barred, limited, or premature to the extent Plaintiff and/or putative class members failed to satisfy applicable statutory notice, demand, venue, cure, or other pre-suit prerequisites.

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Statutes of Limitation and Repose)

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, to the extent any applicable statute of limitation or repose has expired.

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Equitable Doctrines)

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, by waiver, estoppel, laches, acquiescence, ratification, and/or unclean hands.

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Mitigation)

Any recovery by Plaintiff or putative class members must be reduced to the extent they failed to mitigate their alleged damages.

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Avoidable Consequences)

Any recovery by Plaintiff or putative class members must be reduced to the extent they failed to take reasonable steps to avoid or minimize the alleged losses.

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Speculative Damages)

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because the damages sought are speculative, remote, uncertain, or incapable of reasonable ascertainment.

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

(Offsetting Benefits and Setoff)

Any claim for damages, restitution, or other monetary recovery must be offset and reduced by the value and benefits Plaintiff and putative class members received from the products purchased and by any refunds, returns, credits, replacements, or other compensation received.

**TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

(Limitations on Damages)

Plaintiff's claims and the claims of the putative class are barred, reduced, and/or limited by all applicable limitations on awards, caps on recovery, prohibitions against duplicative recovery, and setoffs permitted by law.

**TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

(Restitution Unavailable)

Plaintiff's and putative class members' claims for restitution are barred to the extent they did not pay money directly to Defendants, seek money not in Defendants' possession, seek nonrestitutionary relief, or cannot identify money or property in which they have a vested ownership interest.

**TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

(Nonrestitutionary Disgorgement Unavailable)

Plaintiff and putative class members may not recover nonrestitutionary disgorgement, profits in which they have no ownership interest, or any other relief not authorized under the UCL, FAL, CLRA, or unjust-enrichment principles.

**TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

(Adequate Remedy at Law)

Plaintiff's and putative class members' claims for equitable relief are barred to the extent an adequate remedy at law exists.

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

(No Basis for Injunctive Relief)

Plaintiff and putative class members are not entitled to injunctive relief because, among other reasons, there is no actual and imminent threat of future injury, any alleged future harm is speculative, Plaintiff is aware of the challenged circumstances, and an injunction would not redress any cognizable injury.

**TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

(Declaratory Relief Unavailable)

Plaintiff and putative class members are not entitled to declaratory relief to the extent it would merely adjudicate past conduct, duplicate other claims or remedies, or fail to resolve an actual, present controversy.

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

(No Unfair Conduct)

Defendants' conduct was not "unfair" under the UCL because it did not offend an established public policy, was not immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and did not violate the policy or spirit of the antitrust laws.

**TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages Not Recoverable)

Plaintiff and putative class members are barred from recovering punitive or exemplary damages because they cannot establish by clear and convincing evidence that an officer, director, or managing agent of either Defendant engaged in or ratified fraud, oppression, or malice.

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages—Constitutional Limitations)

Any award of punitive or exemplary damages must comply with the Due Process Clauses of the Fifth and Fourteenth Amendments, the Excessive Fines Clause of the Eighth Amendment, and analogous provisions of the California Constitution, including all constitutional limits on the amount and procedures for imposing such an award.

**THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages—Out-of-State, Dissimilar, and Nonparty Conduct)

Punitive damages may not be based on out-of-state conduct, conduct dissimilar to that alleged to have harmed Plaintiff, alleged harm to nonparties, or Defendants' aggregate wealth or profits in a manner that violates due process or the Commerce Clause.

**THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

(Unjust Enrichment / Double Recovery)

Plaintiff's and putative class members' requests for equitable or monetary relief are barred, in whole or in part, to the extent such relief would unjustly enrich them, provide a windfall, or permit duplicative recovery for the same alleged injury.

**THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

(Accord and Satisfaction / Payment / Release)

Plaintiff's claims and the claims of putative class members are barred, in whole or in part, to the extent they have been satisfied, paid, refunded, released, discharged, compromised, or otherwise resolved.

**THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

(Failure to Meet Class Action Requirements)

This action is not properly maintainable as a class action because, among other reasons, the proposed class is not ascertainable; Plaintiff's claims are not typical; Plaintiff is not an adequate representative; common questions do not predominate; individualized issues of exposure, understanding, reliance, materiality, causation, injury, damages, defenses, and remedies predominate; class treatment is not superior; and conflicts exist among proposed class members.

**THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

(Due Process / Trial by Formula)

Class certification and any classwide adjudication would violate Defendants' due-process rights to the extent they would constitute trial by formula, presume injury or reliance, aggregate individualized claims without proof, or impair Defendants' right to litigate defenses to the claims of Plaintiff and each putative class member.

**THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

(Choice of Law / Extraterritoriality)

Plaintiff's claims and the claims of putative class members are barred or limited to the extent Plaintiff seeks to apply California law to transactions, persons, conduct, or injuries lacking a sufficient connection to California or otherwise seeks an impermissible extraterritorial application of California law.

**THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

(Failure to State a Claim)

Defendants preserve the defense that the FAC fails, in whole or in part, to state a claim upon which relief can be granted, to the extent permitted by law and consistent with the Court's July 31, 2026 Order.

**THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

(Additional Defenses)

Defendants reserve the right to assert additional defenses in the event discovery indicates such defenses are appropriate.

**PRAYER**

WHEREFORE, Defendants pray for the following relief:

A. That judgment on the FAC, and on each cause of action, be entered in favor of Defendants;

B. That this Court finds that this suit cannot be maintained as a class action;

C. That Plaintiff and the members of the putative class take nothing by the FAC;

D. That the request for injunctive relief be denied;

E. That Defendants be awarded their costs incurred, including reasonable attorneys' fees; and

F. For such other and/or further relief as this Court may deem just and proper.

Dated: September 11, 2026

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Wesley Sze
Wesley Sze
*Attorneys for Defendants*
*Beats Electronics, LLC and Apple Inc.*